UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| RATUL AGGARWAL; <br> SOPHIA JUN; <br>    4734 Arbor Drive, Apt 210 <br>    Rolling Meadows, IL 60008 <br><br>                    Plaintiff(s) <br><br>                    v. <br><br> ALEJANDRO MAYORKAS, in his official capacity, Secretary, U.S. Department of Homeland Security; <br> UR M. JADDOU, in her official capacity, Director, U.S. Citizenship and Immigration Services; <br>    2707 Martin Luther King Jr. Ave, SE <br>    Washington, DC 20528-0485 <br><br> MERRICK B. GARLAND, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice; <br>    950 Pennsylvania Avenue, NW <br>    Washington, DC 20530-0001 <br><br>                    Defendant(s). | Civil Action No  1:22-cv-2324 |

**PLAINTIFFS' ORIGINAL COMPLAINT**
**FOR WRIT OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Brian J. Kholodovsky, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 312-767-9030, Email: brian@jeelani-law.com

1

## INTRODUCTION

COME NOW RATUL AGGARWAL (hereinafter "RATUL" or collectively "Plaintiffs") and SOPHIA JUN (hereinafter "SOPHIA" or collectively "Plaintiffs") the Plaintiffs, by and through the undersigned attorney, in the above cause, and state as follows:

1. Plaintiff SOPHIA is the U.S. citizen spouse of Plaintiff RATUL, a national of INDIA. On March 03, 2020, Plaintiff SOPHIA lawfully filed a petition with the United States Citizenship and Immigration Service for her spouse to become a U.S. permanent resident. On 04/22/2020, Plaintiff RATUL timely, completely, and lawfully filed the requisite applications, and paid the associated fees, to apply for the resulting benefit from his spouse's petition. This action is brought as a result of Defendants' failure to adjudicate Plaintiff RATUL's Form I-485, Application for Adjustment of Status ("Application" or collectively "Applications"), and Plaintiff SOPHIA's Form I-130, Petition for Alien Relative within a reasonable period of time ("Petition" or collectively "Applications"). The Applications have been in pending status for a period of over two years and four months without any action. The Plaintiffs have a clear right to adjudication of the Applications in a timely manner. The final adjudication of the Applications is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

2. The delay in making a decision on Plaintiff's petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

3. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as any in-person interactions that are necessary or routine have already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

4.  Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Applications.

## PARTIES

5.  Plaintiff RATUL is a resident of Cook County, Illinois, and a citizen of India. He is the beneficiary of a pending Form I-130, Petition for Alien Relative, filed by his U.S. Citizen spouse, Plaintiff SOPHIA. The pending Form I-130 allows beneficiary qualification for RATUL to adjust his status to a permanent resident of the United States. Plaintiff RATUL is also the applicant of a Form I-485, Application for Adjustment of Status.

6.  Plaintiff SOPHIA is a resident of Cook County, Illinois, and a U.S. citizen. She is the petitioner of a pending Form I-130, Petition for Alien Relative, which was filed naming her spouse, Plaintiff RATUL, as the beneficiary.

7.  Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

8.  Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

9.  Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of

Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

10. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

11. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

12. The Plaintiffs have repeatedly requested the Defendants to make a final decision on the Applications.  Further, Plaintiffs have initiated numerous inquiries with USCIS, directly and through their Congressman's Office. After such requests and inquiries failed, Plaintiffs notified the Defendants of their intent to file suit. The Defendants have failed to respond to such notice. The threat of judicial intervention has been meaningless in expediting a resolution.

13. The Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied USCIS with documents that establish Plaintiffs' eligibility for approval of the Applications.

14. There are no further administrative remedies available for Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

15. On March 03, 2020, Plaintiff SOPHIA filed, and paid the required government fees for, Form I-130, Petition for Alien Relative, naming her spouse, Plaintiff RATUL, as a beneficiary (Receipt# IOE0908558417) with USCIS.  **[EXHIBIT A].**

16. On April 22, 2020 with the aforementioned Petition, RATUL filed, and paid the required government fees for, Form I-485, Application to Adjust Status, with USCIS (Receipt# IOE0908613303). **[EXHIBIT B].**

17. On May 28, 2021, the Plaintiffs appeared for an interview before a USCIS officer. After the conclusion of the interview, Plaintiffs were given a written notice stating that three additional documents were needed, the documents were submitted within two weeks. **[EXHIBIT C].**

18. Since the May 28, 2021 interview, USCIS has made no further requests for evidence or information from the Plaintiffs.

19. Plaintiffs have made numerous inquiries over the past year with USCIS and have requested adjudication of the Applications.

20. Plaintiffs' inquiries have resulted in continuous responses from USCIS stating that the Plaintiff's Applications were still pending review.

21. Plaintiffs' Applications now continue to be pending with USCIS for a total time of over two years and four months.

22. The delay in making a decision on Petitioners' petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

23. In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2020 of 9.3 months for the adjudication of Form I-485. Plaintiff RATUL's Form I-485 has been pending for 28 months, which is nearly three times the average processing time as reported by USCIS.

24. In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2020 of 8.3 months for the adjudication of Form I-130. Plaintiff SOPHIA'S

Form I-130 has been pending for 28 months, which is almost four times the average processing time as reported by USCIS.

25. Defendants have refused to provide further explanation which would merit the need for over 28 months of processing time.

26. Plaintiffs have endured significant financial and emotional burdens as a result of the unreasonable period of time that their cases have been in administrative processing.

27. Plaintiff SOPHIA has been deprived of the right she has as a U.S. citizen to qualify her spouse to become a permanent resident of the U.S.

28. Plaintiff RATUL has been deprived of the opportunity to have accumulated sufficient time as a permanent resident to become a U.S. citizen.

29. Moreover, Plaintiff RATUL has incurred significant attorney's fees and has lost numerous employment opportunities due to the Defendants' failure in adjudicating Plaintiff's Application within a reasonable period of time.

## COUNT I

### VIOLATION OF THE APA- FORM I-485

30. All prior paragraphs are re-alleged as if fully stated herein.

31. Plaintiff RATUL has a statutory right to apply for adjustment of his status to a permanent resident by filing Form I-485, Application for Adjustment of Status pursuant to INA 245(a).

32. Defendants have a duty to adjudicate RATUL's Application within a reasonable period of time under 5 U.S.C. §555(b).

33. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

34. No other adequate remedy is available to Plaintiffs.

35. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate the Applications.

36. Given the Defendants' lack of a reason for not making a decision on Plaintiff RATUL's Application for over 28 months, Plaintiff's Application has been pending for an unreasonably long period of time.

37. Defendants have failed in their statutory duty to adjudicate the Application in a reasonable time.

38. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on RATUL's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to RATUL's case.

39. Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff RATUL's Application, thereby depriving Plaintiffs of the rights to which they are entitled.

40. In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees. Also, as a result of Defendants' actions, Plaintiff SOPHIA has been denied the right to petition for her spouse to become a permanent resident of the United States. Further, Plaintiff RATUL has been unable to receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen. In effect, Plaintiffs' lives are on hold due to Defendants' inaction.

## COUNT II

### VIOLATION OF THE APA- FORM I-130

41. All prior paragraphs are re-alleged as if fully stated herein.

42. Plaintiff SOPHIA has a statutory right to apply for and receive an adjudication of her Form I-130 pursuant to 8 U.S.C. § §1154(a)(1)(A)(i) and U.S.C. § 1154(b).

43. Defendants have a duty to adjudicate SOPHIA's Petition within a reasonable period of time under 5 U.S.C. §555(b).

44. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

45. No other adequate remedy is available to Plaintiffs.

46. Defendants have conducted the initial investigation and have sufficient information and documentation about Petitioners to adjudicate the Petition.

47. The delay in making a decision on Plaintiff's petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

48. Given the Defendants' lack of a reason for not making a decision on SOPHIA's Petition for over 28 months, his Form I-130 Petition has been pending for an unreasonably long period of time.

49. Defendants have failed in their statutory duty to adjudicate the Petition in a reasonable time.

50. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on SOPHIA's Petition and have failed to carry out the adjudicative functions delegated to them by law with regard to SOPHIA's case.

51. Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate SOPHIA's Form I-130, thereby depriving Plaintiffs of the rights to which they are entitled.

52.     In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees.  Also, as a result of Defendants' actions, SOPHIA has been denied the right to petition for her spouse to become a permanent resident of the United States. Further, RATUL has been unable to apply and receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen.  In effect, Plaintiffs' lives are on hold due to Defendants' inaction.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiffs' Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  August 5, 2022                                       Respectfully submitted,

            /s Brian J. Kholodovsky
**Brian J. Kholodovsky, Esq. (6300193)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**
**brian@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax: (312) 767-9030**
*Counsel for Plaintiffs*